# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CERISE JANELLE ALLEN BARRETT**　　　　　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　　　　　　　　　　　　　　　　　**NO. 4:18-CV-182-DMB-JMV**

**NATALIE MILLER**　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## ORDER

On August 9, 2018, Cerise Janelle Allen Barrett filed a complaint against Natalie Miller in the Circuit Court of Bolivar County, Mississippi, alleging Miller caused the alienation of her husband Jimmy Barrett's affections towards her by engaging in an adulterous sexual relationship with him. Doc. #2 at 2. Miller removed the case to the United States District Court for the Northern District of Mississippi on September 4, 2018, asserting diversity jurisdiction.[1] Doc. #1 at 2.

On January 25, 2019, Miller filed a motion to dismiss Barrett's complaint for failure to state a claim, along with a memorandum brief, arguing that the cause of action of alienation of affections is unconstitutional under the First, Thirteenth, and Fourteenth Amendments of the United States Constitution. Docs. #19, #20. Barrett filed a response opposing the motion, along with a supporting memorandum brief, on February 7, 2019. Docs. #21, #22. Miller replied one week later. Doc. #24.

The Court has reviewed the parties' briefing and finds it inadequate with respect to certain issues, some of which were not raised in the briefs. Accordingly, in the interests of judicial

---

[1] Regarding the amount in controversy, the removal notice acknowledges that Barrett's complaint does not specify the amount of damages she seeks but asserts that the amount in controversy "is assumed to exceed the sum or value of $75,000 … based on prior verdicts in similar cases." Doc. #1 at 2 (citing Mississippi state court alienation of affection cases with verdicts exceeding $75,000). Barrett has not challenged this assumption.

economy and efficiency, Miller's motion to dismiss [19] is **DENIED without prejudice**. Miller may refile her motion to dismiss no later than October 25, 2019; however, in the briefing on the motion:

1. Miller must specify whether she challenges the cause of action for alienation of affections facially and/or as applied;

2. Miller must clarify whether she challenges only Mississippi law's recognition of the cause of action for alienation of affections; and

3. *Both* parties must include in their briefing a discussion of (a) whether a state common law cause of action may be subject to a constitutional challenge; (b) whether Miller has standing to challenge the cause of action for alienation of affections on Thirteenth Amendment grounds; (c) whether the maintenance or application of the cause of action for alienation of affections is a content-based restriction on speech;[2] and (d) whether the cause of action for alienation of affections is narrowly tailored to serve a compelling governmental interest.[3]

**SO ORDERED**, this 18th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Miller addressed this issue in her briefing on the original motion to dismiss but Barrett did not.

[3] Miller also addressed this issue in her briefing on the original motion to dismiss but Barrett did not.